UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHERYL KRIST                                           **CV**

                                    Plaintiff,

        -against-                                      **COMPLAINT**

BETH ISRAEL MEDICAL CENTER AND                         **JURY TRIAL REQUESTED**
MOUNT SINAI HEALTH SYSTEM, INC.

                                    Defendants.
-----------------------------------------------------------------x

## COMPLAINT

Plaintiff Cheryl Krist (hereafter "Krist"), by counsel, Parker Hanski LLC, as and

for the Complaint in this action against defendants Beth Israel Medical Center (also

referred to as "Beth Israel") and Mount Sinai Health System, Inc. (also referred to as

"Mount Sinai"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit seeks to remedy pervasive, ongoing and inexcusable

disability discrimination by the defendants against plaintiff because she requires a service

animal.  In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well

as monetary damages and attorneys' fees, costs and expenses to redress defendants'

unlawful disability discrimination against plaintiff, in violation of Title III of the

Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its

implementing regulations, Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation

Act") 29 U.S.C. § 794, et seq., the New York State Human Rights Law, N.Y. Exec. Law

§ 296, the New York State Civil Rights Law, § 40, and the New York City Human Rights

Law, N.Y.C. Admin. Code § 8-107. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

2.         This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3.         Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' places of public accommodation that are the subject of this action is located in this district.

## PARTIES

4.         At all times relevant to this action, plaintiff Cheryl Krist has been and remains currently a resident of the State and City of New York.

5.         At all times relevant to this action, plaintiff Cheryl Krist has and continues to suffer from medical conditions. Plaintiff is an individual with chronic, progressive neurological and orthopedic conditions. The neurological condition is an Essential Tremor. This condition causes plaintiff's voluntary muscles to shake uncontrollably to a degree that becomes disabling. Plaintiff also has arthritis in multiple joints including her hips, spine, shoulders and jaw. She has had two knee replacements.

6.         Plaintiff Cheryl Krist is prone to frequent falls and has significant difficulty walking. Because of her disabilities, plaintiff uses a service animal, a dog

named Bocci ("Bocci"), to assist her with, among other things, the following tasks: signaling her when she is shaking too hard; signaling her when she has overexerted herself; assisting her in walking up and down stairs; and helping her to get back on her feet when she falls.

7.      Plaintiff Krist has been assisted by her service animal Bocci since 2008. Bocci is a trained and licensed New York service animal and he wears a vest halter to indicate that he is a service animal.  Bocci is registered with New York City and the United States Service Dog Registry.

8.      At least two doctors employed by the defendants, Dr. William Lawrence Severt from Beth Israel and Dr. Stuart B. Kahn from Mount Sinai, have written letters indicating that plaintiff Krist needs a service animal to assist her with her medical conditions.  Notwithstanding the fact that two doctors from Beth Israel and Mount Sinai have indicated in writing that plaintiff Krist needs the assistance of a service animal, plaintiff Krist was and continues to be harassed and discriminated against by the defendants because she uses a service animal to assist her in her daily activities. Plaintiff brings her claim as an individual with a disability aggrieved by defendants' discriminatory actions.

9.      Upon information and belief, defendant Beth Israel Medical Center owns the property located at 10 Union Square East in New York County, New York (hereinafter referred to as "10 Union Square East").

10.     Defendant Beth Israel is licensed to and does business in New York State.

11.     Defendant Beth Israel is a private, not-for-profit corporation incorporated in New York.  Beth Israel serves hundreds of thousands of patients each year through multiple locations and a network of ambulatory care sites.  Beth Israel has three major

divisions located throughout Manhattan and Brooklyn, including one division located at 10 Union Square East.

12.     Defendant Beth Israel provides comprehensive inpatient and outpatient services and offers a full range of services from primary care to specialty care.

13.     Upon information and belief, defendant Mount Sinai Health System, Inc. owns or leases the property located at Madison Avenue and 101st Street in New York County, New York (hereinafter referred to as "Mount Sinai Emergency"), among many other medical facilities throughout New York City.

14.     Upon information and belief, defendant Mount Sinai Health System, Inc. owns or leases the property located at 17 East 102nd Street in New York County, New York (hereinafter referred to as "Mount Sinai Doctors"), among many other medical facilities throughout New York City.

15.     Defendant Mount Sinai Health System, Inc. is licensed to and does business in New York State.

16.     Defendant Mount Sinai Health System, Inc. is a private, not-for-profit corporation incorporated in New York.  Mount Sinai serves hundreds of thousands of patients each year through multiple locations and a network of ambulatory care sites.

17.     Defendant Mount Sinai provides comprehensive inpatient and outpatient services and offers a full range of services from primary care to specialty care.

18.     Defendants' cost to comply with the law is not a significant factor.  And the combined assets and integrated management of defendant Mount Sinai Health System, Inc. (the parent company of Beth Israel), including Beth Israel, has failed to

result in any systemic approach or proactive efforts to accommodate the needs of patients with disabilities.

## PLAINTIFF'S ALLEGATIONS

19.     Plaintiff Krist has ongoing medical issues that require appointments with professionals at defendants Beth Israel and Mount Sinai.

20.     The ongoing medical issues require plaintiff Krist to access the services of Beth Israel at the 10 Union Square East campus.

21.     Additionally, the ongoing medical issues require plaintiff Krist to access the services of Mount Sinai at multiple locations, including Mount Sinai Emergency and Mount Sinai Doctors.

22.     Since 2008, plaintiff Krist has been assisted by a service animal, Bocci, a licensed and trained service dog.  Bocci is a licensed New York service animal and he wears a vest halter to indicate that he is a service animal.  Bocci is registered with New York City and the United States Service Dog Registry.

23.     On November 14, 2008, Dr. William Lawrence Severt, a doctor at Beth Israel, wrote a letter to "whom it may concern" stating that Ms. Krist is a patient under his care at Beth Israel.  Further, Dr. Severt stated that "a service dog would benefit" Ms. Krist "greatly in maintaining her independence and in allowing her to avoid the side effects of large doses of medications to control tremor."

24.     Additionally, in an undated letter, Dr. Stuart B. Kahn, a doctor and professor at Mount Sinai Medical Center (an entity that is part of defendant Mount Sinai), stated that "Ms. Cherly Krist is under my care for multiple disabling musculoskeletal and

spine conditions.  She requires the benefits of her service dog for safety and tranquilty as well as companionship."

25.    Notwithstanding the written acknowledgement of Ms. Krist's need for a service animal, on numerous occasions, plaintiff Krist has been improperly stopped in the lobby of Beth Israel by defendant's employees because she is accompanied by a service animal.

26.    At the entry point of Beth Israel, defendant's employees have made unlawful and improper inquiries regarding plaintiff's service animal.  Because of plaintiff's service animal, defendant has impeded, delayed and refused equal access to all the services of its facility including, but not limited to, the medical services and entry into the facility.

27.    More specifically, defendant's security guards have improperly informed plaintiff that she cannot bring in her service animal into the facility despite the visual identification on plaintiff's service animal identifying him as a service animal.

28.    On more than one occasion, after Ms. Krist has been admitted entrance to Beth Israel, employees of Beth Israel have improperly refused or delayed service because Ms. Krist was accompanied by her licensed service animal.

29.    In one such example, in or around April 2016, plaintiff Krist sought treatment from a medical provider Doctor Huma Sheikh (a headache specialist) in Beth Israel Medical Center.

30.    Immediately after seeing plaintiff's service animal, Dr. Sheikh improperly informed plaintiff that she cannot bring a dog into the facility and did so even after plaintiff advised that the animal was a service animal.

31.     Dr. Sheikh improperly refused to provide any medical services to plaintiff unless plaintiff received her treatment without being accompanied by her service animal.

32.     In violation of the law, plaintiff Krist was forced to proceed without her service animal's assistance in order to receive services from Dr. Sheikh at Beth Israel.

33.     Additionally, in or around June 2016, Plaintiff Krist injured her knee. After calling her primary physician, Ms. Krist was directed to go to the emergency room.

34.     Ms. Krist, accompanied by her service animal, Bocci, entered Mount Sinai Emergency.  At the entrance, a receptionist informed her that she needed to wait to proceed further until she was cleared by security.

35.     After waiting for emergency assistance, Ms. Krist was finally "cleared" by a security manager and Ms. Krist was sent to Triage.

36.     At Triage a triage assistant told Ms. Krist that her dog needed to stay away from the assistant.

37.     After Triage, Ms. Krist was placed by a wall to wait for treatment and another employee improperly asked Ms. Krist if she has to have her dog because Ms. Krist was not blind.

38.     During this visit to Mount Sinai Emergency, Ms. Krist and Bocci were unnecessarily moved several times because Ms. Krist was accompanied by a service animal.

39.     Services for Ms. Krist were improperly delayed because she was accompanied by her service animal.

40.     On other multiple occasions, Ms. Krist has been denied entry to Mount Sinai Doctors by security guards who have told her, "you can't come in with a dog" and

leave [the service animal] outside." She was only allowed entry after Dr. Kahn came and confirmed that she had an appointment with him.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

41.     Defendants are both public accommodations as they own, lease, lease to, control or operate a place of public accommodation, the Beth Israel - Phillips Ambulatory Care Center premises located at 10 Union Square East, Mount Sinai Emergency and Mount Sinai Doctors, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the New York State Human Rights Law (§ 292(9)) and the New York City Human Rights Law (§ 8-102(9)).

42.     The Beth Israel - Phillips Ambulatory Care Center, Mount Sinai Emergency and Mount Sinai Doctors are places of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the New York State Human Rights Law (§ 292(9)) and the New York City Human Rights Law (§ 8-102(9)) as they are healthcare facilities operated by a private entity and their operations affect commerce. Among "private entities" which are considered "public accommodations" for purposes of Title III of the ADA is the "professional office of a health care provider, hospital, or other service establishment." 42 U.S.C. § 12181(7)(F).

43.     Defendants have denied plaintiff the opportunity to participate in or benefit from services or accommodations because of her disability.

44.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

45.     Plaintiff has a realistic, credible and continuing threat of discrimination

from the defendants' non-compliance with the laws prohibiting discrimination against

individuals with disabilities.

46.     Plaintiff frequently receives medical treatment from defendants.

47.     Plaintiff intends to continue to receive medical treatment from the

defendants, at least several times a year, after defendants cease their disability

discrimination.

**<u>FIRST CAUSE OF ACTION</u>**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

48.     Plaintiff realleges and incorporates by reference all allegations set forth in

this Complaint as if fully set forth herein.

49.     The ADA prohibits discrimination by public accommodations.  The

ADA's general prohibition against discrimination guarantees that:

> No individual shall be discriminated against on the basis
> of disability in the full and equal enjoyment of the goods,
> services, facilities, privileges, advantages, or
> accommodations of any place of public accommodation
> by any person who owns, leases (or leases to), or operates
> a place of public accommodation.

42 U.S.C. § 12182(a).

50.     Title III of the ADA, 42 U.S.C. §§ 12181-12189, prohibits discrimination

against people with disabilities "in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases (or leases to), or operates a place of

public accommodation."  42 U.S.C. § 12182(a).

51.     Defendants' facilities are places of public accommodation, including the

10 Union Square East campus of Beth Israel, Mount Sinai Emergency and Mount Sinai

Doctors.  42 U.S.C. § 12181(7)(F); 28 C.F.R. § 36.104 ("Public accommodation" includes a "professional office of a health care provider, hospital, or other service establishment.").

52.     Plaintiff is substantially limited in her life activities because of neurological and orthopedic conditions. Plaintiff thus has a disability within the meaning of the ADA.

53.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their places of public accommodation because plaintiff has a disability.  Defendants' policies and practices have disparately impacted plaintiff as well.

54.     By failing to comply with the law, defendants have demonstrated to persons with disabilities such as the plaintiff that they are not welcome, they are objectionable and are not desired as patrons of their public accommodation.

55.     Defendants have and continue to discriminate against plaintiff in violation of the ADA, 42 U.S.C. § 12182(b)(1)(A), by denying plaintiff the opportunity to participate in or benefit from services or accommodations because of her disability.

56.     Defendants have and continue to discriminate against plaintiff in violation of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii) by failing to modify their policies, procedures, and practices in a reasonable manner, when such modifications are necessary to ensure equal access for individuals with physical disabilities.  42 U.S.C. § 12182(b)(2)(A)(ii).

57.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws.

Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities including, but not limited to, the modification of policies, practices or procedures to permit the use of the service animal by an individual with a disability. 28 C.F.R. §36.302(c).

58.    Defendants' conduct constitutes ongoing and continuous violations of the ADA.  Unless restrained from doing so, Defendants will continue to violate the law. Through their conduct, Defendants have caused and will continue to cause plaintiff Krist immediate and irreparable injury.

59.    Plaintiff is entitled to injunctive relief and reasonable attorneys' fees and costs.  42 U.S.C. § 12188.

<u>**SECOND CAUSE OF ACTION**</u>
**(Violations of Section 504 of the Rehabilitation Act)**

60.    Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, prohibit discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that:

> No otherwise qualified individual with a disability . . .
> shall, solely by reason of her or his disability, be excluded
> from the participation in, be denied the benefits of, or be
> subjected to discrimination under any program or activity
> receiving Federal financial assistance . . . .

61.    Section 504 defines "[p]rogram or activity" in part as "an entire corporation, partnership, or other private organization, or an entire sole proprietorship . . . which is principally engaged in the business of providing . . . health care." 29 U.S.C. § 794(b)(3)(A)(ii).

62.    Defendants have received federal financial assistance at all relevant times.

63.     Through the acts and omissions alleged herein, defendants have, solely because of plaintiff's disabilities, excluded plaintiff from participation in defendants' programs and activities and denied plaintiff the benefits of defendants' programs and activities, and subjected plaintiff to discrimination in violation of 29 U.S.C. § 794, *et. seq.* and the regulations promulgated thereunder.

64.     Defendants' acts and omissions described herein violate the equal access and nondiscrimination provisions of Section 504 and the regulations promulgated thereunder, and have resulted in injury to plaintiff.

65.     Defendants acted with deliberate indifference to plaintiff's rights guaranteed under Section 504

66.     Defendants have had actual knowledge of the discrimination due to, among other things, the open and obvious nature of the discriminatory condition and deliberately decided not to address the discrimination and institute corrective measures.

67.     As a proximate result of defendants' violations of Section 504, plaintiff has been injured and continues to be injured, as set forth herein in the amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

68.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

69.     The New York State Human Rights Law ("NYSHRL") provides that, "it shall be an unlawful discriminatory practice for any person, being the owner, lessee,

proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."  N.Y. Exec. Law § 296(2)(a).

70.     The term "place of public accommodation" in the NYSHRL includes "dispensaries, clinics, [and] hospitals."  N.Y. Exec. Law § 296.9.

71.     "Discriminatory practice" is defined to include "a refusal to make reasonable modifications in policies, practices or procedures . . . [and] a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services . . .."  N.Y. Exec. Law § 296.2(c)(i)-(ii).

72.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

73.     Defendants have and continue to subject plaintiff to unlawful discriminatory practices by denying plaintiff equal opportunity to use their place of public accommodation because plaintiff is an individual with a disability.

74.     It would not impose an undue hardship or undue burden on defendants to modify their policies and procedures.

75.     By the conduct described above, defendants have violated the NYSHRL.

76.     Defendants' conduct constitutes an ongoing and continuous violation of the NYSHRL and unless restrained from doing so, defendants will continue to violate said law.  This conduct, unless enjoined, will continue to inflict injuries and plaintiff Krist will suffer irreparable harm in that she will continue to be discriminated against and

denied the accommodations, advantages, facilities or privileges of Defendants' services as well as reasonable accommodations which would provide the opportunity to benefit from these services.

77.   As a direct and proximate result of defendants' unlawful discrimination in violation of NYSHRL, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

78.   Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

79.   Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

80.   The New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4)(a) provides, "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived . . . disability . . . of any person directly or indirectly, to refuse, withhold from or deny to such person the accommodations, advantages, facilities, or privileges thereof. . ."

81.   The NYCHRL defines the term "place or provider of public accommodation" to include providers, whether licensed or unlicensed, of goods, services, facilities, accommodations, advantages or privileges of any kind, and places, whether licensed or unlicensed, where goods, services, facilities, accommodations, advantages or privileges of any kinds are extended, offered, sold or otherwise made available." NYCHRL§ 8-102(9).

82.     Defendants have subjected, and continue to subject, plaintiff to unlawful discriminatory practices by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their public accommodation/commercial facility/space all because of a disability in violation of the New York City Human Rights Law § 8-107(4).

83.     As a direct and proximate result of defendants' unlawful discrimination in violation of the New York City Human Rights Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

84.     Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the New York City Human Rights Law for which plaintiff is entitled to an award of punitive damages.  New York City Human Rights Law § 8-502.

85.     Additionally, defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL and unless restrained from doing so, defendants will continue to violate said law.  This conduct, unless enjoined, will continue to inflict injuries for which plaintiff has no adequate remedy at law.  Plaintiff will suffer irreparable harm in that she will continue to be discriminated against and denied the accommodations, advantages, facilities or privileges of the defendants' services as well as reasonable accommodations which would provide the opportunity to benefit from these services.

86.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

87.     Additionally, defendants' discriminatory conduct is ongoing, and consequently, plaintiff is entitled to injunctive relief and reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

88.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

89.     Defendants discriminated against plaintiff pursuant to the New York State Human Rights Law.

90.     Defendants have and continue to violate § 40-c of the Civil Rights Law, § 47 of the Civil Rights Law and § 47-b of the Civil Rights Law.

91.     Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

92.     Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### INJUNCTIVE RELIEF

93.     Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

94.     Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, the Rehabilitation Act, and the Human Rights Laws of New York State and New York City.

**ATTORNEYS' FEES, EXPENSES AND COSTS**

95.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorneys' fees, expenses and costs pursuant to the ADA and the New York City Human Rights Law.  42 U.S.C. §12205; 28 C.F.R. §36.505; N.Y.C. Admin. Code § 8-502.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A.     Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, and Section 504 of the Rehabilitation Act, the New York State Human Rights Law and the New York City Human Rights Law and declaring the rights of plaintiff as to defendants' places of public accommodation, and defendants' policies, practices and procedures;

B.     Issue a permanent injunction ordering defendants to make all necessary modifications to their policies and practices that deny lawful access by the plaintiff to the defendants' premises and the services offered; and enjoining the defendants from violating the federal, state and local laws complained of herein, and from discriminating against the plaintiff in the future.

C.     Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.      Award plaintiff compensatory damages as a result of defendants'
violations of and Section 504 of the Rehabilitation Act, the New York State Human
Rights Law and the New York City Human Rights Law;

E.      Award plaintiff punitive damages in order to punish and deter the
defendants for their violations of the New York City Human Rights Law;

F.      Award plaintiff monetary damages for each and every violation of the law,
pursuant to New York State Civil Rights Law;

G.      Award reasonable attorneys' fees, costs and expenses pursuant to the New
York City Human Rights Law;

H.      Find that plaintiff is a prevailing party in this litigation and award
reasonable attorneys' fees, costs and expenses pursuant to the ADA and Section 504 of
the Rehabilitation Act; and

I.      For such other and further relief, at law or in equity, to which plaintiff may
be justly entitled.

Dated: February 21, 2017
       New York, New York

                                        Respectfully submitted,

                                        **PARKER HANSKI LLC**


                                        By:____/s_____
                                                Robert G. Hanski, Esq.
                                                Attorneys for Plaintiff
                                                40 Worth Street, 10th Floor
                                                New York, New York 10013
                                                Telephone: (212) 248-7400
                                                Facsimile: (212) 248-5600
                                                Email:rgh@parkerhanski.com